UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ASHLEIGH MACKIN,<br>       Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| OM SAI CORPORATION<br>(1:21-cv-01052-JFR-KRS) | :<br>: Case No. 1:21-cv-01052-JFR-KRS<br>: |
| OM 2000 CORP.<br>(1:21-cv-1053-JFR-KRS) | :<br>:<br>: |
| GALISTEO STREET INC.<br>(1:21-cv-01054-JFR-KRS) | :<br>:<br>: |
| LORETTO HOTEL INVESTMENT, LLC & ZIA<br>SANTA FE LLC<br>(1:21-cv-1055-JFR-KRS) | :<br>:<br>:<br>: |
| SAGE CONCEPT, LLC<br>(1:21-cv-1056-JFR-KRS) | :<br>:<br>: |
| JP TAOS LLC<br>(1:21-cv-1057-JFR-KRS) | :<br>:<br>: |
| LAS CRUCES HOTEL LP<br>(1:21-cv-1058-JFR-KRS) | :<br>:<br>: |
| HOTEL ST FRANCIS<br>(1:21-cv-1059-JFR-KRS) | :<br>:<br>: |
| SANGRE DE CRISTO HOTEL INVESTMENT LLC<br>(1:21-cv-1060-JFR-KRS) | :<br>:<br>: |
| SECOND WIND PARTNERS INC<br>(1:21-cv-1061-JFR-KRS), | :<br>:<br>: |
|        Defendants.<br>_____/ | :<br>: |

**AMENDED COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, ASHLEIGH MACKIN, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the above-captioned Defendants, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a resident of North Carolina, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more and relies on a wheelchair when ambulating. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode, tub or shower so that she can

2. safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3. According to the public property records, Defendants own places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The places of public accommodation that the Defendants own are places of lodging known as follows:

OM SAI CORPORATION
1:21-cv-01052-JFR-KRS
El Capitan Motel, 1300 East Historic Hwy 66, Gallup, NM 87301

OM 2000 CORP.
1:21-cv-1053-JFR-KRS
Colonial Motel, 1007 West Coal Ave, Gallup, NM 87301

GALISTEO STREET INC
1:21-cv-01054-JFR-KRS
The Inn of The Five Graces, 150 E De Vargas St, Santa Fe, NM 87501

LORETTO HOTEL INVESTMENT, LLC & ZIA SANTA FE LLC
1:21-cv-1055-JFR-KRS
Inn and Spa at Loretto, 211 Old Santa Fe Trail, Santa Fe, NM, 87501

SAGE CONCEPT, LLC
1:21-cv-1056-JFR-KRS
The Sage Hotel, 725 Cerrillos Rd, Santa Fe, NM, 87505

JP TAOS LLC
1:21-cv-1057-JFR-KRS
Sagebrush Inn & Suites, 1508 Paseo Del Pueblo, Taos, NM, 87571

LAS CRUCES HOTEL LP
1:21-cv-1058-JFR-KRS
Hotel Encanto de Las Cruces, 705 S Telshor Blvd, Las Cruces, NM, 88011

HOTEL ST FRANCIS
1:21-cv-1059-JFR-KRS
Hotel St Francis, 210 Don Gaspar Ave, Santa Fe, NM 87501

SANGRE DE CRISTO HOTEL INVESTMENT LLC
1:21-cv-1060-JFR-KRS
The Lodge at Santa Fe, 750 N St Francis Dr, Santa Fe, NM 87501

SECOND WIND PARTNERS INC
1:21-cv-1061-JFR-KRS
Inn Of The Turquoise Bear, 342 E Buena Vista St, Santa Fe, NM 87505

4. Venue is properly located in this District because the subject property is located in this district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. As the owner of the subject place of lodging, Defendants are required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to

places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7. More specifically, 28 C.F.R. Section 36.302(e)(1) (the "Regulation"), promulgated by the Department of Justice pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii), imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8. This regulation was promulgated pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii) and became effective March 15, 2012.

9. Defendants, either themselves or by and through a third party, accept reservations for its hotel online through one or more websites. (Hereinafter "websites" or "ORS".) The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features,

    facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

10.   Since prior to the filing of the instant lawsuit, Plaintiff has plans to travel to and throughout the state in September, 2022. She will need to stay in area hotels and the failure of this and other hotels deprive her of the information she needs to make a meaningful choice in determining in which hotel she can stay.

11. Prior to the commencement of this lawsuit, Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs for the purpose of planning her upcoming trip. However, Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e) and failed to provide the third parties with the information required to comply with this regulation. Defendant thereby violated 42 U.S.C. Section 12182(a) and 42 U.S.C. Section 12182(b)(2)(A)(ii). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the websites for the following hotels did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotels:

OM SAI CORPORATION:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, and www.priceline.com

OM 2000 CORP.:
www.expedia.com, www.hotels.com, www.cheaptickets.com, www.orbitz.com, and www.travelocity.com

GALISTEO STREET INC.:
www.hotels.com, www.booking.com, and www.skylark.com

LORETTO HOTEL INVESTMENT, LLC & ZIA SANTA FE LLC:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.cheaptickets.com, and www.agoda.com

SAGE CONCEPT, LLC:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com

JP TAOS LLC:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com

LAS CRUCES HOTEL LP:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com

HOTEL ST FRANCIS:
www.travelocity.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com

SANGRE DE CRISTO HOTEL INVESTMENT LLC:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com

SECOND WIND PARTNERS INC:
www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.cheaptickets.com

12. In the near future, Plaintiff intends to revisit Defendants' online reservations systems in order to test it for compliance with 28 C.F.R. Section 36.302(e). In this respect, Plaintiff maintains a system to ensure that she revisits the online reservations system of every hotel she sues. By this system, Plaintiff maintains a list of all hotels she has sued with several columns following each. She continually updates this list by, among other things, entering the dates she did visit and plans to again visit the hotel's online reservations system.  With respect to each hotel, she visits the online

reservations system multiple times prior to the complaint being filed, then visits again shortly after the complaint is filed. Once a judgment is obtained or settlement agreement reached, she records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives. She also intends to revisit the ORS for the purpose of comparing hotels and their accessible features in determining in which hotel she can stay during her upcoming trip.

13. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination.

14. The violations present at Defendants' websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' website. By continuing to operate the websites with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' website, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a websites with violations, Defendants deprive Plaintiff the equality of opportunity

offered to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

15. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants.

17. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

18. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

19. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the

> Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b.  Injunctive relief against the Defendants including an order to revise their websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

*/s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
600 Blakenham Court
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com