# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ASHLEIGH MACKIN,

      Plaintiff,

v.                                                                                                   No. 1:21-cv-1052 JFR/KRS

OM SAI CORPORATION, et al.,

      Defendants.

## ORDER DENYING REQUEST FOR REFUND

**THIS MATTER** is before the Court on Plaintiff's "Request for Refund," filed November 26, 2021. (Doc. 7). Plaintiff asks the Court to refund $4020 in filing fees due to the eleven cases she filed being consolidated into one case. Having considered the request, the record of the case, and relevant law, the Court denies the Request for Refund.

On November 5, 2021, Chief United States District Judge William P. Johnson entered a Memorandum Opinion and Order Consolidating Cases, in which this case was consolidated with ten other cases Plaintiff filed in this Court on November 2, 2021. (Doc. 3). The Court found that the ten cases are "essentially identical," so the Court consolidated the cases pursuant to Federal Rule of Civil Procedure 42(a)(2) and 28 U.S.C. § 137(a). *Id.* In her Request for Refund, Plaintiff states that "[d]ue to this honorable court's 11/5/2021 Order consolidating eleven cases into one, Plaintiff's counsel paid for eleven separate filing fees when only one was necessary." (Doc. 7) at 1. To the contrary, the Court's consolidation order did not cause Plaintiff to pay eleven separate filing fees. Plaintiff chose to file eleven almost identical cases separately, and the Court expended resources to screen all eleven cases and determine whether they should be consolidated. Moreover, Plaintiff does not cite to any authority for her request, and the guidance

provided to the Court regarding filing fees does not permit a refund in this case.  Specifically, the Administrative Office of the United States Courts' Guide to Judiciary Policy, Chapter 6, states:

> § 650.10 Applicability
>
> The Judicial Conference's current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding.

Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10, *available at* https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-4-court-and-case-administration/ch-6-fees#650_10, site last visited December 15, 2021.  The Guide is persuasive authority as it codifies the policies promulgated by the Director of the Administrative Office and "approved by the Judicial Conference of the United States." *In re Sony BMG Music Entm't*, 564 F.3d 1, 7 (1st Cir. 2009); *see also Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 486-87 (M.D. Pa. 2005).  It is the "official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations." *In re Sony*, 564 F.3d at 7 (quoting *Kitzmiller*, 388 F. Supp. at 486-87).  Accordingly, the Court finds that Plaintiff's filing fees shall not be refunded.

IT IS THEREFORE ORDERED that Plaintiff's Request for Refund, (Doc. 7), is DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE